IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT L. HALL,                          )
                                         )
            Petitioner,                  )
                                         )
v.                                       )    No. CIV-05-1452-HE
                                         )
OKLAHOMA COURT OF CRIMINAL APPEALS,      )
STATE OF OKLAHOMA,                       )
                                         )
            Respondents.                 )

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, has filed a pleading in this Court entitled "Motion for Relief From the Judgment" naming the Oklahoma Court of Criminal Appeals and the State of Oklahoma as Respondents. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Because as discussed hereafter this Court has no jurisdiction over Petitioner's claims, the undesigned recommends that this action be dismissed.

Petitioner is a state prisoner currently incarcerated at the Northeast Oklahoma Correctional Center in Vinita, Oklahoma.[1] According to Petitioner, on May 9, 2005, he filed a "Motion for Fast and Speedy Trial" and a "Motion to Dismiss Warrant for Failure to Pay Court Fines Due to Incarceration" in Case Nos. CF-97-156 and CF-97-193 in the Grady County District Court. Motion at 2 (unpaginated). Read together, these documents, which are attached to Petitioner's Motion, show that Petitioner requested that

---

[1] The official website of the Oklahoma Department of Corrections (Offender Information) shows that Petitioner is serving sentences for various drug offense convictions in the Grady County District Court, and he has future sentences to serve based on drug offense convictions in the Oklahoma County District Court. *See* <http://www.doc.state.ok.us/DOCS/offender_info.htm> (accessed Jan. 19, 2006).

the Grady County District Court dismiss warrants issued in his state criminal cases based on Petitioner's failure to pay certain assessed court fines and fees. Petitioner argues that the warrants have prevented him from obtaining a lower classification in prison that would enable him to obtain a prison job and begin paying the court costs and fees.

Petitioner asserts that the state district court failed to respond to his two separate motions, and therefore on October 14, 2005, he filed application for a writ of mandamus in the OCCA, requesting that the OCCA order the Grady County District Court to respond to his motions. By Order of November 29, 2005, the OCCA declined jurisdiction on the ground that Petitioner had failed to serve notice on the Grady County District Court, the adverse party listed in Petitioner's application, in violation of Rule 10.3, Rules of the Oklahoma Court of Criminal Appeals. Petition, attached OCCA Order Declining Jurisdiction, Case No. MA-2005-1006. Petitioner asserts that the OCCA erred because he "did in fact serve the adverse party." Motion at 3. Petitioner alleges that he then filed in the OCCA a "Motion for Reconsideration" with proof of the required service, but the only response he received was a mailed copy of the Rule 10.6, Rules of the Oklahoma Court of Criminal Appeals, indicating that the OCCA's decision on an extraordinary writ is a final order and no petition for rehearing is allowed. *Id.*

In this action filed on December 16, 2005, Petitioner requests that this Court assume jurisdiction and order "the Grady County District Court to respond and set his earlier motions for a docket hearing and/or order the Oklahoma Court of Criminal Appeals to vacate and withdraw their own 'Order Declining Jurisdiction' due to their own clerical errors." Motion at 3.

Analysis

Petitioner makes no effort to establish federal jurisdiction. Federal courts are courts of limited jurisdiction and a party who brings an action in federal court bears the burden of establishing that the exercise of jurisdiction is proper. *In re Longhorn Securities Litigation*, 573 F. Supp. 255, 264 (W.D. Okla. 1983). To this end, any request for relief filed in federal court must contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. Fed. R. Civ. P. 8(a). Jurisdiction cannot be conferred upon this Court by consent, inaction or stipulation, and a lack of jurisdiction cannot be waived. *Tuck v. United States Auto. Ass'n.*, 859 F.2d 842, 844 (10th Cir. 1988). Petitioner has not asserted facts establishing any jurisdictional basis for Petitioner's complaint in federal court. This Court does not have appellate jurisdiction over the Oklahoma courts. *See, e.g., English v. Cody*, 146 F.3d 1257, 1262 (10th Cir. 1998) (Tenth Circuit does not have supervisory authority over the Oklahoma courts);.*see also Robinson v. State of Oklahoma*, 404 F. Supp. 1168, 1170 (W.D. Okla. 1975)  ("Habeas corpus in the federal court does not serve as an additional appeal from state court conviction."). Thus, to the extent Petitioner seeks appellate review in this Court of the orders of the Oklahoma state courts, his request is improper.

Similarly, to the extent Petitioner's pleading is intended to be a motion for mandamus, the undersigned determines that no jurisdictional basis is stated and dismissal is required. The only federal authority for an action for a writ of mandamus is found at 28 U.S.C. § 1361. This provision provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

By its terms, this provision requires that a petitioner allege a duty owed him by a federal official.  In this case, however, Petitioner has named a state appellate court and the State of Oklahoma as Respondents.  Because these Respondents are not officers or employees of the United States or agencies thereof, this Court has no authority under the mandamus provision to direct them in the performance of their duties.  *See Brownfield v. Stovall*, No. 03-3099, 2003 WL 23033727, at *2 (10th Cir. Dec. 30, 2003)[2] (affirming lower court's dismissal of request for mandamus stating, "The court . . . possesses no jurisdiction to order Kansas officials to release the [plaintiff] to Oklahoma authorities."); *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal Courts have no authority to issue a writ of mandamus to a state judge."); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (federal courts "have no authority to issue [] a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties."); *Nelson v. Tulsa County 14th Judicial Dist.*, No. 97-5078, 1997 WL 572827, at *1 (10th Cir. Sept. 16, 1997) (affirming district court's denial of petition for a writ of mandamus pursuant to 28 U.S.C. §1361 on the grounds that federal courts have no jurisdiction under §1361 to compel action by state officials); *Cauthon v. Simmons*, No. 95-3022, 1996 WL 3919, at *1 (10th Cir. Jan. 4, 1996) (same).  Accordingly, to the extent Petitioner seeks a writ of mandamus pursuant to 28 U.S.C. §1361, the undersigned recommends that the action be dismissed for lack of jurisdiction.  *Tuck*, 859 F.2d at 844 (when the party seeking relief does not set

---

[2]Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

4

forth the basis for the Court's exercise of jurisdiction, the Court must determine its jurisdiction *sua sponte*).

In sum, Petitioner has failed to state any grounds upon which this Court's subject matter jurisdiction may be based.[3]

### **RECOMMENDATION**

For these reasons, it is recommended that Petitioner's "Motion for Relief From the Judgment" be dismissed on filing based on lack of subject matter jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 9th day of February, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. Petitioner is further advised that failure to make a timely objection to this Report and Recommendation waives any right to appellate review of both factual findings and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659

---

[3] Generally, liberal rules of construction apply to claims brought by pro se litigants. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-521 (1979). However, the Court declines to construe the instant action as one seeking federal habeas corpus relief or relief pursuant to 42 U.S.C. § 1983. Petitioner has not presented his claims on the proper forms provided for either type of action and instead has specifically identified his petition as an "Motion for Relief From the Judgment." In addition, Petitioner has not complied with filing requirements and other pre-conditions for proceeding with either a federal habeas corpus action or a § 1983 action.

(10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

**ENTERED** this 20th day of January, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE